IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LENA F. JOHNSON
5640 Naylor Court
Dale City, Virginia 22193

    Plaintiff,

    v.

NATIONAL RAILROAD PASSENGER
CORPORATION
60 Massachusetts Avenue, NE
Washington, DC 20002

SERVE:

CT Corporation System
1015 15th Street, N.W. Ste. 1000
Washington, DC 20005

    Defendant.

FILED

OCT - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 1:07-cv-01806
Assigned To : Collyer, Rosemary
Assign. Date : 10/5/2007
Description: Employ Discrim.

JURY ACTION

## COMPLAINT

This is an action for monetary and equitable relief brought by the Plaintiff, LENA F. JOHNSON, against defendant, NATIONAL RAILROAD PASSENGER CORP. (hereinafter referred to as AMTRAK) for the violation of her rights under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e et. seq. ("Title VII").

## INTRODUCTION

1. This is an employment discrimination action brought by LENA F. JOHNSON to recover damages against AMTRAK for the violation of her rights under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166).

## JURISDICTION AND VENUE

2. Jurisdiction for this action lies pursuant to 28 U.S.C. § 1331 because there are numerous federal questions presented involving the Civil Rights Act of 1964, 42 USC 2000d et seq., and any related claims under District of Columbia Law and the Laws of the United States pursuant to 28 U.S.C. § 1331.

3. Venue for this action is proper in the United States District Court for the District of Columbia as the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and Plaintiff is a resident of the Commonwealth of Virginia and the Defendant corporation involved in the action is a resident of the District of Columbia, thus satisfying the requirements of 28 U.S.C. §1332. The procedural issues are to be governed by the place of the forum pursuant to the Federal Rules of Civil Procedure invoked per 28 U.S.C. § 1331.

4. A Final Decision and Right to Sue was issued by the Office of Civil Rights (OCR) on July, 2007, and received by Ms. Johnson on July 11, 2007.

2

5. These claims arise out of acts undertaken and injuries suffered in this federal district.

## PARTIES

6. Plaintiff, Lena F. Johnson, is a resident of Dale City, Virginia, is an African-american female over the age of forty (40), and began employment with the Defendant on or about February 4, 1980.

7. Defendant AMTRAK is a duly organized corporation authorized to do business in the District of Columbia, with its office located at 60 Massachusetts Avenue, NE, Washington, DC 20002. AMTRAK is an employer within the meaning of 42 U.S.C.2000e.

8. At all times relevant hereto, AMTRAK has resided and conducted business in this judicial district.

9. At all times relevant hereto, AMTRAK has been an employer within the meaning of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On or about January 30, 2006, Plaintiff, Lena F. Johnson, submitted claims of discrimination to the Equal Employment Opportunity Commission (EEOC) stating that

her supervisor engaged in unlawful retaliatory practices and policies and further stating that AMTRAK retaliated against her in response to her complaints about her supervisor.

11. By notice dated July 11, 2007, Plaintiff was notified by the EEOC of her right to file a civil action against AMTRAK within ninety (90) days of her receipt of their final decision.

12. This lawsuit has been timely filed within 90 days of Lena Johnson's receipt her right to sue notice.

## FACTUAL ALLEGATIONS

13. Lena F. Johnson is an African-american female over the age of 40.

14. Lena F. Johnson joined AMTRAK on or about February 4, 1980, as a junior clerk in the Finance Department.

15. In 1981 Plaintiff was promoted to Duplicator Machine Operator and went to the Reprographics Department.

16. In 1988, Plaintiff was promoted to what was then called "clerk typist". This position is now referred to as "computer operator".

17. In 1999-2000 the department finally invested in new technology and equipment and Ms. Johnson was the one who developed how the department could best make use of the new technology and how do best address the needs of AMTRAK.

18. In 2000 Mr. Ed Morris became the director of the Reprographics Department. Upon his arrival, and the fact he had no knowledge of the department or how it worked, he asked Plaintiff to serve as his managing assistant and supervise the Reprographics department. Mr. Morris further asked that she supervise the Mail Communications Center within the department, as the supervisor of that department was rarely at work.

19. After requesting that Plaintiff serve as supervisor of the graphics department and the mail center, in addition to her duties as computer operator, Mr. Morris assured Plaintiff that they would make her position permanent and that she would receive retroactive pay for her additional responsibilities and duties.

20. As the acting supervisor of the graphics dept. and mail center, Plaintiff served as the main point of contact between the departments and the director, Mr. Morris.

21.     Mr. Morris began making unusual and inappropriate requests of Plaintiff, such as buy his breakfast, buy his lunch, sign off on invoices that were for items for his personal use but to be paid by the company, asking Plaintiff to loan him money, buy his cigarettes, etc. Furthermore, Mr. Morris would open Plaintiff's mail, including fedex packages that came to the office, but the male employees were not subjected to this behavior. Also, despite the workplace being smoke-free, Mr. Morris smoked constantly I his office, requested that employees wash his car among other inappropriate requests.

22.     Mr. Morris subjected Plaintiff to a hostile work environment as he would make disparaging remarks on a daily basis including racial slurs and his dislike of "white" people and disrespectful remarks concerning women and their physical attributes and mental prowess.

23.     On several occasions members of the department complained about this behavior. Mr. Morris was known to scold persons who complained, yell at them, curse at them, and threaten to fire them for exposing his exploitation of his position.

24.     Mr. Morris was verbally abusive towards any employee in the department who complained about his behavior, his demanding loans of money in small denominations which he would never pay back, his constant use of company funds for personal items and meals, and his smoking in a smoke-free environment.

25. In 2001 Plaintiff began treating with a physician for migraine headaches due to stress as a result of her working conditions. Plaintiff still suffers from these headaches to this day and is still taking medications for her condition.

26. Several years passed and despite multiple inquiries Mr. Morris took no action but to continue to tell Plaintiff that her position as supervisor of the graphics dept. and mail centers would be made permanent and she would receive retroactive pay.

27. In February 2004, Plaintiff submitted a formal complaint to upper management. Their response was "you all have to work it out", and nothing more.

28. In November, 2004, Plaintiff submitted a formal complaint to the EEOC.

29. During the investigation into her complaints about Mr. Morris, he, Mr. Morris, displaced Ms. Johnson from her position as computer operator, placed an individual in that position who did not have the skills, training, or knowledge for said position, and then brought in an outside company to train the new individual for the position. This led to Ms. Johnson filing a second EEOC complaint on January 30, 2006.

30. Plaintiff was never provided any retroactive pay or compensation of any kind, nor was she promoted in any way after serving as the acting supervisor of the graphics dept. and the mail center for more than two years.

31. In an effort to retaliate against Ms. Johnson for submitting complaints to upper management about Mr. Morris, he had Plaintiff displaced from her position by an individual who previously was denied in her attempts to displace Plaintiff (by Mr. Morris), resulting in her being

demoted to "duplicator/machine operator" with less pay.

32. The discriminatory behavior was offensive and embarrassing to Plaintiff; intimidating, as she felt powerless to act against a supervisor while employed, and made her very uncomfortable. The discriminatory comments were frequently made in the presence of other co-workers.

33. As a direct and proximate result of the treatment at AMTRAK, Plaintiff has suffered and will continue to suffer emotionally and financially.

34. AMTRAK acted willfully and in reckless disregard of Plaintiff's protected federal civil rights and her statutory rights under Title VII by subjecting her to discriminatory treatment and practices and a hostile work environment on account of her gender and in retaliation of her attempts to assert her rights in the company to complain about the abusive and discriminatory behavior of the director of her department.

## STATEMENT OF CLAIMS

### COUNT I:   VIOLATION OF TITLE VII

35. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-34 of the Complaint as if they were set forth in full.

36. AMTRAK acted willfully and in reckless disregard of Plaintiff's rights under Title VII by subjecting her to the retaliatory practices of her supervisor which harmed her profession, salary level, and promotional opportunities, and created a degrading hostile work environment with inappropriate comments concerning women

8

and caucasians, thereby violated her rights to equal employment opportunity as protected by Title VII.

## PRAYER FOR RELIEF

WHEREFORE, LENA F. JOHNSON respectfully requests the Court to enter judgment in her favor and against the Defendant, and to grant her the following relief:

( a ) That a declaratory judgment be entered finding Defendant's acts and employment practices unlawful, and that Defendant be enjoined from engaging in such unlawful acts and practices;

( b ) That an order be issued for back pay with prejudgment interest and all the benefits to which she is entitled, including interest thereon to the present time, with the actual amount to be proven at trial;

( c ) Front pay and benefits if AMTRAK does not have an appropriate position to employ her;

( d ) Plaintiff be compensated for her physical, psychological and emotion harm in the sum of Three Hundred Thousand ($300,000) plus all interest available under District of Columbia law for her non-economic injuries in an amount authorized by Title VII;

( e ) That punitive damages be awarded in the amount of Three Hundred

Thousand ($300,000) Dollars plus all available interest under District of Columbia law;

(f) An award of reasonable counsel fees and costs to compensate Plaintiff for having to prosecute this action against AMTRAK; and

(g) Such other legal and equitable relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all the issues in this action that are triable by law.

LENA F. JOHNSON
By Counsel

Brown, Brown & Brown, P.C.

By: _____
Bradley Deutchman (#460912)
Edwin C. Brown, Jr.,
6269 Franconia Road
Alexandria, VA 22310
(703) 924-0223
FAX (703) 924-1586

10

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>570-2006-00197 |
|---|---|---|
| | D.C. Office Of Human Rights<br>*State or local Agency, if any* | and EEOC |

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Lena F. Johnson** | Home Phone (Incl. Area Code)<br>**(703) 590-8923** | Date of Birth |
|---|---|---|
| Street Address<br>**5640 Naylor Court** | City, State and ZIP Code<br>**Dale City, VA 22193** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**AMTRAK** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(202) 906-4122** |
|---|---|---|
| Street Address<br>**960 V Street, N.E.** | City, State and ZIP Code<br>**Washington, DC 20008** | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br>☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: **06-01-2005**   Latest: **01-30-2006**<br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have worked for AMTRAK for over 25 years. On February 10, 2005, I filed a charge of discrimination with the EEOC where I made a complaint of Ed Morris' discriminatory treatment of me. After I filed the charge, Mr. Morris has engaged in retaliatory conduct. For example, he isolated me from my co-workers by telling them not to speak to me, and this continues to the present. Thereafter, on June 1, 2005, Mr. Morris allowed an employee, who did not have the training or experience, to fill the position which I held for 25 years. As a result, I was forced to take a lesser paying position. Mr. Morris did not give me an explanation. However, prior to filing the charge, persons wanting to replace me had not been allowed to do so. Since then, Mr. Morris has also denied me access to training which put me in jeopardy of loosing my job altogether at AMTRAK. Mr. Morris allows other employees to receive training. I believe that I have been retaliated against and continue to be retaliated against, for having filed a charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

January 30, 2006        *Lena Faye Johnson*
Date                          Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

[Stamp: EEOC FIELD OFFICE WASHINGTON D.C. 2006 JAN 30]

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

F. Johnson
Naylor Court
City, VA 22193

From: Birmingham District Office
1130 22nd Street, South
Birmingham, Alabama 35205

ilf of person(s) aggrieved whose identity is
DENTIAL (29 CFR § 1601.7(a))

| EEOC Representative | Telephone No. |
|---|---|
| Glenda M. Matthews, Investigator | (205) 212-2138 |

OSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

:cts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

illegations did not involve a disability that is covered by the Americans with Disabilities Act.

espondent employs less than the required number of employees or is not otherwise covered by the statues.

innot investigate your charge because it was not filed within the time limit required by law.

g been given 30 days in which to respond, you failed to provide information, failed to appear or be available for iews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

, reasonable efforts were made to locate you, we were not able to do so.

ad 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

:EOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the nation obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with atutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

:EOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

(briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

·icans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of ir right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on ·l or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

A): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not

On behalf of the
Commission

Delner Franklin-Thomas, District Director

1.1 JUL 2007
(Date Mailed)

ltmann
oad Passenger Corporation
itreet, 3N-101, Box 26
PA 19104

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
 you also plan to sue claiming violations of State law, please be aware that time limits and other
 provisions of State law may be shorter or more limited than those described below.)*

RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

ue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day
your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult
u should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him
you received it. Furthermore, in order to avoid any question that you did not act in a timely manner,
it your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the
d) or the date of the postmark, if later.

ay be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
he general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
) your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
e facts of your case which shows that you are entitled to relief. Your suit may include any matter
 charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
enerally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases
t where relevant employment records are kept, where the employment would have been, or where the
s its main office. If you have simple questions, you usually can get answers from the office of the
ourt where you are bringing suit, but do not expect that office to write your complaint or make legal
ons for you.

r RIGHTS -- **Equal Pay Act (EPA):**

st be filed in court within **2 years (3 years for willful violations)** of the alleged EPA underpayment:
for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.
if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit
 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA
e from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore,
an to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be
0 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

EPRESENTATION -- **Title VII and the ADA:**

t afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such
ust be made to the U.S. District Court in the form and manner it requires (you should be prepared to
etail your efforts to retain an attorney). Requests should be made well before the end of the 90-day
oned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

ntact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
s about your legal rights, including advice on which U.S. District Court can hear your case. If you need
 obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
r charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
 are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
harge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any
ld be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*
**:ions for Issuing Form 161, Dismissal and Notice of Rights**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
LENA JOHNSON  85558

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
NATIONAL RAILROAD PASSENGER CORPORATION

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Brown, Brown & Brown, PC
6269 Franconia Rd, Alexandria, VA 22310
703-924-0223

Case: 1:07-cv-01806
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/5/2007
Description: Employ Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination* <br> ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC §§ 2000e et seq

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO  If yes, please complete related case form.

DATE 10/5/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.