**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


LENA F. JOHNSON,                                    *

     Plaintiff                                       *

v.                                                  *          Civil Action No. 1:07cv01806

NATIONAL RAILROAD PASSENGER          *
CORPORATION
                                                    *
     Defendant.

*********************************************************************

**DEFENDANT NATIONAL RAILROAD**
**PASSENGER CORPORATION'S MOTION TO DISMISS**

     The Defendant, National Railroad Passenger Corporation, by and through its undersigned

counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure files this Motion

to Dismiss.  The reason for this Motion, which is more fully argued in the attached

Memorandum, is that Plaintiff's suit is barred on the grounds of *res judicata* and fails to state a

claim upon which relief can be granted.

     For this reason, Plaintiff's Complaint should be dismissed with prejudice.


          Respectfully submitted,

           /s/ John G. Kruchko

          John G. Kruchko   D.C. Bar # 371260
          Kruchko & Fries
          1750 Tysons Boulevard, Suite 560
          McLean, Virginia 22102
          (703) 734-0554
          (703) 734-0876 (fax)

National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington DC 20002
(202) 906-3185
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated:  February 12, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LENA F. JOHNSON,                                    *

      Plaintiff                                    *

v.                                                  *    Civil Action No. 1:07cv01806

NATIONAL RAILROAD PASSENGER                         *
CORPORATION
                                                    *

      Defendant.

*******************************************************************************

**DEFENDANT'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS**

      Defendant, National Railroad Passenger Corporation ("Amtrak"), by and through its

undersigned counsel, hereby submits this Memorandum in Support of its Motion to Dismiss

Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The

basis for this Motion is that the action fails to state a claim for which any relief can be granted

because the action is barred on the grounds of *res judicata.*

**I.    STATEMENT OF THE FACTS**

      This action is premised on Plaintiff's employment with Defendant, which began in

February, 1980.  (Instant Complaint ["Complaint II"] at ¶ 6).[1]  Plaintiff alleges that in November,

2004, she filed her first discrimination charge with the Equal Employment Opportunity

Commission ("EEOC"), asserting sex discrimination and retaliation claims.  (Complaint II at ¶

28).    On October 5, 2005, Plaintiff filed her first Title VII lawsuit ("Complaint I") against

Amtrak, alleging sex discrimination and retaliation.  (Complaint I, ¶ 35, attached hereto and

incorporated herein by reference as "Exhibit A.")  In Complaint I, plaintiff alleged that her

Amtrak supervisor retaliated against her in response to her complaint of discrimination to

---

[1]  This motion deals with two lawsuits filed by plaintiff – one filed in October 2005 that was dismissed, and
the current pending lawsuit that was filed in October 2007.  For reference purposes, defendant will refer to the 2005
complaint as "Complaint I" and the current complaint as "Complaint II."

management and to her filing a formal charge with the EEOC about her supervisor's other alleged discriminatory behavior towards her.  (Complaint I, ¶¶ 12-33)  The principal retaliatory action plaintiff identified in Complaint I was her alleged displacement from her computer operator position by an individual who possessed allegedly lesser skills.   (Complaint I, ¶ 28).

In mid December 2005, Amtrak moved to dismiss Complaint I based on the fact that plaintiff failed to file the action within 90 days following the EEOC's dismissal of her charge of discrimination.  (Memorandum in Support of Defendant's 2005 Motion to Dismiss, pp. 2-3, attached hereto and incorporated herein by reference as Exhibit "B".)  On January 26, 2006, this Court granted Amtrak's motion to dismiss.   (Court's Order, attached hereto and incorporated herein by reference as "Exhibit C.")

On January 30, 2006, following the Court's dismissal of Complaint I, plaintiff filed a second charge of discrimination with the EEOC.   (Complaint II, ¶ 10 and attached EEOC charge.)  In the second EEOC charge, Plaintiff alleged only retaliation as the basis for her charge. (Complaint II and attached EEOC charge.)  As with her first charge and Complaint I, Plaintiff alleged that on "June 1, 2005, Mr. Morris [plaintiff's supervisor] allowed an employee, who did not have the training or the experience, to fill the position which I held for 25 years.  As a result, I was forced to take a lesser paying position."  (Id.)   On July 1, 2007, the EEOC dismissed plaintiff's second charge and issued a "Notice of Rights" letter.  (Id.)  Then on October 5, 2007, Plaintiff filed the instant Title VII lawsuit ("Complaint II").[2]

Plaintiff's Complaint II allegations and claims are identical to her earlier Complaint I allegations that this Court dismissed.   Therefore, defendant moves for the dismissal of

---

[2]  Plaintiff did not serve Amtrak with a copy of  Complaint II until January 23, 2008.

Complaint II on the grounds that it fails to state a claim upon which relief can be granted, based on the doctrine of *res judicata*.

## II. <u>ARGUMENT</u>

### A. <u>Legal Standard</u>

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the adequacy of a complaint on its face. . . ." <u>Hemphill v. Kimberly-Clark Corp. et al</u>, 2008 U.S. Dist. LEXIS 19 *3 (D. D.C. 2008). In evaluating a Rule 12(b)(6) motion for failure to state a claim, courts construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded facts. <u>Krieger v. United States</u>, 2008 U.S. Dist. LEXIS 809, *15-16 (D.D.C. 2008).

However, courts are not bound to accept inferences drawn by plaintiff, if such inferences are unsupported by the facts set out in the Complaint. <u>Id</u>. Further, courts do not have to accept the legal conclusions of the plaintiff in reaching a decision. <u>Id</u>. To survive a Rule 12(b)(6) motion, a complaint must present "enough facts to state a claim to relief that is plausible on its face" and allege facts that rise "above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, __ U.S. __ , 127 S. Ct. 1955, 1965, 1974 (2007).

Courts typically consider only the "pleadings" when deciding a Rule 12(b)(6) motion. And if matters outside the pleadings are presented, courts will convert the Rule 12(b)(6) motion into one for summary judgment. *Federal Rules of Civil Procedure*, Rule 12(b)(6). However, courts interpret the term "pleadings" somewhat broadly. Courts may consider not only the complaint, but also any documents attached to or incorporated by reference into the complaint, matters of which the court may take judicial notice, and matters of public record. <u>Kreiger,</u> 2008 U.S. Dist. LEXIS 809 at *16; <u>Amons v. District of Columbia</u>, 231 F. Supp. 2d 109, 113 fn. 5

(D.D.C. 2002) (holding court may take judicial notice of matters of a general public nature, such as court documents, for purposes of a 12(b)(6) motion to dismiss).

### B.    The Instant Lawsuit is Barred on the Grounds of *Res Judicata*

"The doctrine of *res judicata* prevents a party from litigating a claim based on the same transaction and the same parties if that claim was raised or could have been raised in a prior action that was decided on the merits." Appalachian Power Co., v. Envtl. Prot. Agency, 252 F.3d 1026, 1033-34 (D.C. Cir. 2001).   A final judgment on the merits in one action "bars any further claim based on the same nucleus of facts, 'for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984)(citations omitted).

The application of *res judicata* is intended to bring finality to an action and to avoid repetitive claims involving the same allegations and parties. Rivet v. Regions Bank of Louisiana, et. al., 522 U.S. 470, 476 (1998). *Res judicata* acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Under the doctrine of *res judicata*, a subsequent lawsuit will be barred if there has been a prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits by a court of competent jurisdiction. Coleman v. Potomac Elec. Power Co., 310 F.Supp. 2d 154, 161 (D.D.C 2004)(noting Title VII litigants are not relieved from preclusive effect of *res judicata*).  Where the elements of *res judicata* are satisfied, there is no equitable exception that will prevent the

4

dismissal of an action or claim.  Swaida v. Gentiva Health Servs., 238 F. Supp. 2d 325, 331-32 (D. Mass. 2002).

  **1. Complaint I and Complaint II involve the same facts and legal claims**

  The pleadings in this case show that the instant Complaint II effectively mirrors plaintiff's Complaint I that she filed in October 2005, and which the Court dismissed in January 2006.  "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts'."  Drake v. Fed. Aviation Admin., 291 F.3d 59, 66 (D.C. Cir. 2002).   In assessing whether the cases share the same facts, the court will consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understandings or usage."  Hemphill, 2008 U.S LEXIS 19 at *6 (citations omitted); Velikonga v. Ashcroft, 355 F.Supp 2d 197, 200-201 (D. D.C. 2005).  In essence, two claims are one for res judicata purposes if they are "based on the same, or nearly the same, factual allegations."  Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 339 (7th Cir. 1995).

  Here, plaintiff's Complaint I was a Title VII employment discrimination case, in which she identified her Amtrak supervisor as the individual who was engaging in the discriminatory and retaliatory conduct toward her.  (Complaint I, ¶¶ 12-33).  Plaintiff's current Complaint II alleges the same thing.  (Complaint II, ¶¶ 13-34)  Strangely enough, paragraphs 12-33 of Complaint I and paragraphs 13-34 of Complaint II, are virtually identical, alleging the same facts, actors, dates, circumstances, and events.  Both complaints rely completely on events that took place prior to October 2005 – the date plaintiff filed Complaint I.  With Complaint II, plaintiff has, in essence, re-filed Complaint I with a different case number supported by a different EEOC charge – but with the exact same facts!  There is nothing to distinguish the

instant Title VII action from Plaintiff's prior Title VII action against Amtrak.   Therefore, the

first element of *res judicata* is met.[3]

### 2.    The dismissal of Complaint I was a final judgment on the merits for *res judicata* purposes

Plaintiff filed Complaint I ninety-one (91) days after she received the Right to Sue Notice

from the EEOC.   (See Exhibit "B", p. 2)  On January 26, 2006, pursuant to Amtrak's Motion to

Dismiss, this Court dismissed Complaint I along with plaintiff's Title VII allegations.  (See

Exhibit "C.")[4]

Federal law governs the preclusive effect of a previous judgment in federal court.

Swaida, 238 F. Supp. 2d at 328.   A previous claim that was subject to dismissal is a "judgment

on the merits" for purposes of *res judicata*.  Id.(finding 12(b)(6) dismissal was judgment on the

merits); see Brzostowski, 49 F.3d at 338-39)(holding employment age discrimination claim was

precluded by dismissal of earlier breach of contract action surrounding employee's discharge).

This issue is not new.  Many courts have addressed the issue and have done so in the

context of employment discrimination claims.  This Court for example, in Coleman, addressed

whether or not plaintiff's prior lawsuit challenging his dismissal under the FMLA was preclusive

on his later suit challenging his dismissal under Title VII, the DCHRA, or a retaliatory discharge

theory.  Coleman, 310 F.Supp. 2d at 161.  This Court ruled that the prior dismissal had

preclusive effect on the plaintiff's subsequent lawsuit and, therefore, his second lawsuit was

barred by *res judicata*.  Id.;

---

[3]  The second *res judicata* element of identity of parties is clearly satisfied and needs no substantive discussion.  Even a cursory review of Complaints I and II demonstrates that Lena Johnson and Amtrak are the only named parties in both actions.

[4]  There can be no dispute that the Court properly exercised jurisdiction over the case and parties.  (See Complaint I, ¶¶ 2-5)

In the instant case, this Court dismissed plaintiff's previous Complaint I. That decision has preclusive effect on plaintiff's allegations in the current Complaint II. Because the allegations are virtually identical and the parties are the same, plaintiff is precluded by principles of *res judicata* from re-litigating in Complaint II the same factual issues that formed the basis of Complaint I.

### III.   <u>CONCLUSION</u>

Based on the foregoing, Defendant, National Railroad Passenger Corporation, by counsel, respectfully requests that the Court grant Defendant's Motion and dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,


  _/s/ John G. Kruchko_____
John G. Kruchko   D.C. Bar # 371260
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, Virginia 22102
(703) 734-0554
(703) 734-0876 (fax)

National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington DC 20002
(202) 906-3185
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated:  February 12, 2008

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 12th day of February, 2008, I caused a copy of the foregoing

Defendant National Railroad Passenger Corporation's Motion to Dismiss, and Memorandum in

Support of Motion to Dismiss, to be served on the following individuals via the Court's

electronic filing system:

> Bradley Deutchman
> Edwin C. Brown, Jr.
> 6269 Franconia Road
> Alexandria, Virginia 22310

_____/s/ John G. Kruchko_____

John G. Kruchko

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LENA F. JOHNSON,                              *

     Plaintiff                              *

v.                                           *          Civil Action No. 1:07cv01806

NATIONAL RAILROAD PASSENGER             *
CORPORATION
                                             *
     Defendant.
*************************************************************************

## <u>ORDER</u>

     Upon review of Defendant National Railroad Passenger Corporation's Motion to

Dismiss, and all papers submitted in support thereof, Plaintiff's Opposition to this Motion, and

the Court being fully advised,

     IT IS HEREBY ORDERED that Defendant's Motion is GRANTED, and

     IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice.


                          _____
                                 Judge


Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LENA F. JOHNSON
5640 Naylor Court
Dale City, Virginia 22193

      Plaintiff,

      v.

NATIONAL RAILROAD PASSENGER
CORPORATION

SERVE:

CT Corporation System
1015 15th Street, N.W. Ste. 1000
Washington, DC 20005

      Defendant.

CASE NUMBER  1:05CV02008

JUDGE: John D. Bates

DECK TYPE: Employment Discrimination

DATE STAMP: 10/▆/2005

## **COMPLAINT**

This is an action for monetary and equitable relief brought by the Plaintiff, LENA F. JOHNSON, against defendant, NATIONAL RAILROAD PASSENGER CORP. (hereinafter referred to as AMTRAK).

## INTRODUCTION

1 .    This is an employment discrimination action brought by LENA F. JOHNSON to recover damages against AMTRAK for the violation of her rights under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166).

## JURISDICTION AND VENUE

2 .    Jurisdiction for this action lies pursuant to 28 U.S.C. § 1331 because there are numerous federal questions presented involving the Civil Rights Act of 1964, 42 USC 2000d et seq., and any related claims under District of Columbia Law and the Laws of the United States pursuant to 28 U.S.C. § 1331.

3.    Venue for this action is proper in the United States District Court for the District of Columbia as the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and Plaintiff is a resident of the Commonwealth of Virginia and the Defendant corporation involved in the action is a resident of the District of Columbia, thus satisfying the requirements of 28 U.S.C. §1332.  The procedural issues are to be governed by the place of the forum pursuant to the Federal Rules of Civil Procedure invoked per 28 U.S.C. § 1331.

4.    A Final Decision and Right to Sue was issued by the Office of Civil Rights (OCR) on July, 2005 (Attached as Exhibit A), and received by Ms. Johnson on July 8, 2005.

5.    These claims arise out of acts undertaken and injuries suffered in this federal district.

## PARTIES

6 .    Plaintiff, Lena F. Johnson, is a resident of Dale City, Virginia, is an African-american female over the age of forty (40), and began employment with the Defendant on or about February 4, 1980.  Defendant AMTRAK is a duly organized corporation authorized to do business in the District of Columbia, with its office located at 60 Massachusetts Avenue, NE, Washington, DC 20002.  AMTRAK is an employer within the meaning of 42 U.S.C.2000e.

7 .    At all times relevant hereto, AMTRAK has resided and conducted business in this judicial district.

8.    At all times relevant hereto, AMTRAK has been an employer within the meaning of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.    On or about November 12, 2004, Plaintiff, Lena F. Johnson, submitted claims of discrimination to the Equal Employment Opportunity Commission (EEOC) stating that her supervisor engaged in unlawful retaliatory practices and policies and further stating that AMTRAK retaliated against her in response to her complaints about her supervisor's harassing behavior.

10 .    By notice dated July 5, 2005, Plaintiff was notified by the EEOC of her right to file a civil action against AMTRAK within ninety (90) days of her receipt of their final decision.

11 .    This lawsuit has been timely filed within 90 days of Lena Johnson's receipt her right to sue notice.

## FACTUAL ALLEGATIONS

12 .    Lena F. Johnson is an African-American female over the age of 40.

13.    Lena F. Johnson joined AMTRAK on or about February 4, 1980, as a junior clerk in the Reprographics Department.

14.    In 1981 Plaintiff was promoted to machine operator/duplicator in the

machine shop

15.    In 1988, Plaintiff was promoted to what was then called "clerk typist".

3

This position is now referred to as "computer operator".

16.    In 1999-2000 the department finally invested in new technology and equipment and Ms. Johnson was the one who developed how the department could best make use of the new technology and how do best address the needs of AMTRAK.

17.    In 2000 Mr. Ed Morris became the director of the Reprographics Department.  Upon his arrival, and the fact he had no knowledge of the department or how it worked, he asked Plaintiff to serve as his managing assistant and supervise the Reprographics department.  Mr. Morris further asked that she supervise the Mail Communications Center within the department, as the supervisor of that department was rarely at work.

18.    After requesting that Plaintiff serve as supervisor of the graphics department and the mail center, in addition to her duties as computer operator, Mr. Morris assured Plaintiff that they would make her position permanent and that she would receive retroactive pay for her additional responsibilities and duties.

19.    As the acting supervisor of the graphics dept. and mail center, Plaintiff served as the main point of contact between the departments and the director, Mr. Morris.

20.    Mr. Morris began making unusual and inappropriate requests of Plaintiff, such as buy his breakfast, buy his lunch, sign off on invoices that were for items for his personal use but to be paid by the company, asking Plaintiff to loan him money, buy his cigarettes, etc.  Furthermore, Mr. Morris would open Plaintiff's mail, including fedex packages that came to the office, but the male employees were not subjected to this behavior (she was the only female in the reprographics department).  Also, despite the workplace being smoke-free, Mr. Morris smoked constantly in his office, and requested that employees wash his car among other inappropriate requests.

21.     Mr. Morris subjected Plaintiff to a hostile work environment as he would make disparaging remarks on a daily basis including racial slurs and his dislike of "white" people and disrespectful remarks concerning women and their physical attributes and lack of mental prowess.

22.     On several occasions members of the department complained about this behavior. Mr. Morris was known to scold persons who complained, yell at them, curse at them, and threaten to fire them for exposing his exploitation of his position.

23.     Mr. Morris was verbally abusive towards any employee in the department who complained about his behavior, his demanding loans of money in small denominations which he would never pay back, his constant use of company funds for personal items and meals, and his smoking in a smoke-free environment.

24.     In 2001 Plaintiff began treating with a physician for migraine headaches due to stress as a result of her working conditions. Plaintiff still suffers from these headaches to this day and is still taking medications for her condition.

25.     Despite multiple inquiries Mr. Morris took no action but to continue to tell Plaintiff that her position as supervisor of the graphics dept. and mail centers would be made permanent and she would receive retroactive pay. He continued to treat her like his personal assistant and she continued to supervise the mail center, the reprographics department, and perform her duties as a machine operator.

26.     In February 2004, Plaintiff submitted a formal complaint to upper management. Their response was "you two have to work it out", and nothing more.

27.     In November of 2004, Plaintiff submitted her formal complaint to the EEOC. By letter dated July 5, 2005, the EEOC dismissed her complaint and advised her of her right to sue.

28.     During the investigation into her complaints about Mr. Morris, he, Mr. Morris, displaced Ms. Johnson from her position as computer operator, placed an individual in that position who did not have the skills, training, or knowledge for said position, and then brought in an outside company to train the new individual for the position in clear violation of AMTRAK's own policies and procedures.

29.     Plaintiff was never provided any retroactive pay or compensation of any kind, nor was she promoted in any way after serving as the acting supervisor of the graphics dept. and the mail center for more than two years.

30.     Rather, in an effort to retaliate against Ms. Johnson for submitting complaints to upper management about Mr. Morris, and following her submission of a report to upper management stating that the department could save considerable money, Mr. Morris had Plaintiff displaced from her position by an individual who previously was denied in her attempts to displace Plaintiff (by Mr. Morris). This resulted in Plaintiff being demoted to "duplicator/machine operator" with less pay.

31.     The discriminatory behavior was offensive and embarrassing to Plaintiff; intimidating, as she felt powerless to act against a supervisor while employed, and made her very uncomfortable. The inappropriate comments and behavior occurred frequently in the presence of other co-workers adding to Plaintiff's ridicule and embarrassment.

32.     As a direct and proximate result of the treatment at AMTRAK, Plaintiff has suffered and will continue to suffer emotionally and financially.

33.     AMTRAK acted willfully and in reckless disregard of Plaintiff's protected federal civil rights and her statutory rights under Title VII by subjecting her to discriminatory treatment and practices and a hostile work environment on account of her gender and in retaliation of her attempts to assert her rights in the company to complain about the abusive and discriminatory behavior of the director of her department.

STATEMENT OF CLAIMS

COUNT I:    VIOLATION OF TITLE VII

34.    Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-33 of the Complaint as if they were set forth in full.

35.    AMTRAK acted willfully and in reckless disregard of Plaintiff's rights under Title VII by subjecting her to the retaliatory practices of her supervisor and created a degrading hostile work environment with inappropriate comments concerning women and "white" people, thereby violated her rights to equal employment opportunity as protected by Title VII.

PRAYER FOR RELIEF

WHEREFORE, LENA F. JOHNSON respectfully requests the Court to enter judgment in her favor and against the Defendant, and to grant her the following relief:

( a )    That a declaratory judgment be entered finding Defendant's acts and employment practices unlawful, and that Defendant be enjoined from engaging in such unlawful acts and practices;

( b )    That an order be issued for back pay with prejudgment interest and all the benefits to which she is entitled, including interest thereon to the present time, with the actual amount to be proven at trial;

( c )    Front pay and benefits if AMTRAK does not have an appropriate position to employ her;

( d )    Plaintiff be compensated for her physical, psychological and emotion harm in the sum of Three Hundred Thousand ($300,000) plus all interest available under District of Columbia law for her non-economic injuries in an amount authorized by Title VII;

( e )    That punitive damages be awarded in the amount of Three Hundred Thousand ($300,000)  Dollars plus all available interest under District of Columbia law;

( f )    An award of reasonable counsel fees and costs to compensate Plaintiff for having to prosecute this action against AMTRAK; and

( g )    Such other legal and equitable relief as may be just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury on all the issues in this action that are triable by law.

LENA F. JOHNSON
By Counsel

Brown, Brown & Brown, P.C.

By: _____
Edwin C. Brown, Jr. #90084
William H. Herrington #395079
6269 Franconia Road
Alexandria, VA 22310
(703) 924-0223
FAX (703) 924-1586

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA F. JOHNSON<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:05CV02008-JDB

## MEMORANDUM IN SUPPORT OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO DISMISS

Plaintiff Lena Johnson failed to file her Complaint within ninety days after receiving her notice of right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). For this reason, her suit is time-barred and should be dismissed.

## STATEMENT OF UNDISPUTED FACTS

Plaintiff Lena F. Johnson was employed by National Railroad Passenger Corporation ("Amtrak") on or about February 4, 1980. Complaint at ¶¶ 6, 13. Ms. Johnson was initially hired as a junior clerk in the Reprographics Department and was promoted several times. Complaint at ¶¶ 13-16.

On or about November 12, 2004, Ms. Johnson filed a charge of discrimination with the EEOC. Complaint at ¶ 9. Ms. Johnson received a Notice of Right to Sue letter from the EEOC on July 8, 2005. Complaint at ¶ 4. She filed this lawsuit in the United States District Court for the District of Columbia on October 7, 2005. Complaint. The Complaint states only one count, alleging a violation of Title VII of the Civil Rights Act, as amended. Complaint at ¶¶ 34-35.

1.    <u>Ms. Johnson's Claims Are Time-Barred</u>

A person filing a civil suit under Title VII must act within ninety days after receiving a Notice of Right to Sue Letter from the EEOC.  42 U.S.C. § 200e-5(f)(1); *Griffin v. Acacia Life Ins. Co.,* 151 F. Supp.2d 78, 80 (D.D.C. 2001).

Ms. Johnson received her letter Notice of Right to Sue Letter on July 8, 2005. Complaint at ¶ 4 ("received by Ms. Johnson on July 8, 2005").  She did not file her Complaint until October 7, 2005, ninety-one days later.  As more than ninety days passed between the date on which Ms. Johnson received her notice of right to sue letter and the date when she filed her complaint, this suit is time-barred.  *Griffin,* 151 F. Supp.2d at 81.

2.    <u>Plaintiff's Failure to File in a Timely Manner Should Not Be Excused</u>

The ninety-day filing requirement is not jurisdictional, but instead, is a limitations period, which can be subject to waiver, estoppel and equitable tolling  *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982); *Anderson v. Local 201 Reinforcing Rodmen,* 886 F. Supp 94, 97, (D.D.C. 1995).  There is no reason in this case, however, to allow Ms. Johnson additional time.  She has no basis to claim that the doctrines of waiver, estoppel or equitable tolling are appropriate.

In the absence of a compelling reason to apply one of these equitable doctrines, courts have strictly applied the ninety-day limit.  In *Rice v. New England College*, 676 F.2d 9 (1ˢᵗ Cir. 1982), the United States Court of Appeal for the First Circuit upheld an order dismissing a complaint filed 91 days after receipt of the Notice of Right to Sue Letter.  The court reasoned, "[i]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by *even one day.*"  *Id.* at 11 (emphasis added); *see also Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir. 1984)

(dismissing complaint filed 97 days after Notice of Right to Sue Letter); *Anderson v.*

*Local 201 Reinforcing Rodmen,* 886 F. Supp 94, 97 (D.D.C. 1995) (dismissing complaint

filed 97 days after Notice of Right to Sue Letter).

Ms. Johnson is represented by counsel and is aware of the time limits governing

her suit.  Specifically, she knew to represent the relevant dates in her Complaint and to

allege (incorrectly) that she had satisfied the requirement to exhaust her administrative

remedies.  *See* Complaint at ¶¶ 4, 9-11.  As the court in *Anderson* stated:

> Congressionally mandated time requirements "for gaining access to the
> federal courts are not to be disregarded by courts out of a vague sympathy
> for particular litigants."  Time limitations such as the ninety-day filing
> requirement "are not arbitrary obstacles to the vindication of just claims,
> and therefore they should not be given grudging application."  Rather,
> "they protect important social interest in certainty, accuracy and repose."
> Accordingly in absence of waiver, estoppel, or equitable tolling, none of
> which are present here, summary judgment in favor of the Defendant or
> dismissal is appropriate.

886 F. Supp. at 97 (citations omitted).

## CONCLUSION

Ms. Johnson's claims are time-barred.  For this reason, the Court should dismiss

the Complaint with prejudice.

Keith Fischler (Bar No. 377601)
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA 22102
(703) 734-0554
(703) 734-0876 (fax)

- 3 -

Denyse Nelson
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C. 20002
(202) 906-3185
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated: December 16, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA F. JOHNSON<br><br>       Plaintiff,<br><br>       v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:05CV02008-JDB |

## **ORDER**

Upon review of Defendant National Railroad Passenger Corporation's Motion to Dismiss and all papers submitted in support of this Motion, Plaintiff's Opposition to this Motion, and the Court being fully advised in the Premises,

IT IS HEREBY ORDERED that Defendant's Motion is GRANTED, and

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice.

_____
Judge John D. Bates

Dated: _____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LENA F. JOHNSON,

        Plaintiff,

        v.

NATIONAL RAILROAD PASSENGER
CORP.,

        Defendant.

Civil Action No.  05-2008 (JDB)

## ORDER

Plaintiff Lena F. Johnson, through counsel, initiated this civil action on October 7, 2005, alleging that defendant, the National Railroad Passenger Corp. ("Amtrak"), committed unlawful discrimination in employment under Title VII of the Civil Rights Act of 1964.  According to the complaint, the Equal Employment Opportunity Commission ("EEOC") notified plaintiff of her right to sue Amtrak by a letter dated July 5, 2005.  See Compl. ¶ 10.  On December 16, 2005, defendant filed [3] a motion to dismiss, asserting that plaintiff's claims are time-barred under the limitations period prescribed by 42 U.S.C. 2000e-5(f)(1), which requires that a civil action under Title VII be filed within ninety days of receipt of an EEOC right-to-sue notice.

Rule 7(b) of the Local Rules of Civil Procedure provides that when an adverse party fails to file an opposition to a motion within eleven days of the date of service of the motion, the Court may treat the motion as conceded.  Having received no response to the motion from the plaintiff as of January 11, 2006 -- twenty-five days after defendant served plaintiff's counsel electronically with the motion to dismiss, see L. Civ. R. 5.4(d) -- the Court issued [4] an order that notified

plaintiff of defendant's motion and required a response by not later than 5:00 p.m. on January 20,

2006.  Plaintiff failed to comply with that order.  Accordingly, the Court will treat the motion to

dismiss as conceded, and it is this 26th day of January, 2006, hereby

ORDERED that the motion to dismiss is **GRANTED**; and it is further

ORDERED that the complaint is **DISMISSED**.


_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge


Copies to:

Edwin C. Brown
6269 Franconia Road
Alexandria, VA  22310
Email: brownfirm@lawyer.com

*Counsel for plaintiff*


Keith Fischler
KRUCHKO & FRIES
1750 Tysons Boulevard, Suite 560
McLean, VA  22102
Email: kfischler@kruchkoandfries.com

*Counsel for defendant*