IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LENA F. JOHNSON, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 1:07cv01806 |
| NATIONAL RAILROAD PASSENGER CORPORATION | * | |
| | * | |
| Defendant. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, National Railroad Passenger Corporation ("Amtrak"), by and through its undersigned counsel, hereby submits this Supplemental Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint on the basis of *res judicata*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The following supplemental memorandum addresses the fact that plaintiff has failed to respond to Amtrak's motion within the time allotted by Local Rule 7(b).

### I.     PROCEDURAL BACKDROP

The Court may recall that plaintiff has sued Amtrak once before – for allegedly the same retaliatory misconduct. In her first Complaint ("Complaint I"), plaintiff alleged that her Amtrak supervisor retaliated against her in response to her complaint of discrimination to management and to her filing a formal charge with the EEOC about her supervisor's other alleged discriminatory behavior towards her. The principal retaliatory action plaintiff identified in

Complaint I was her alleged displacement from her computer operator position by an individual who possessed allegedly lesser skills.[1]

In mid December 2005, Amtrak moved to dismiss the Complaint I because plaintiff failed to meet the 90-day filing deadline following the conclusion of her EEOC charge. However, plaintiff never responded to the motion. On January 26, 2006, this Court granted Amtrak's motion to dismiss, utilizing its discretionary powers under Local Rule 7(b) to treat the motion as conceded when the adverse party fails to respond.[2]

Four days later, on January 30, 2006, plaintiff -- seeking to correct her earlier procedural mistake -- filed a second factually identical charge of discrimination with the EEOC. On July 1, 2007, the EEOC dismissed plaintiff's second charge and issued a "Notice of Rights" letter. (Id.) Then on October 5, 2007, Plaintiff filed the instant Title VII Complaint ("Complaint II") alleging claims that are identical to those in her first lawsuit. On February 12, 2008, Amtrak filed a Motion to Dismiss, based on the doctrine of *res judicata*. As she did with her first Complaint, Plaintiff has filed no opposition to the motion.

## II.    ARGUMENT

Rule 7(b) of the Local Court Rules, provides as follows:

> Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

Rule 7(b) is a rule of "'neutral applicability,'" which applies to all parties and any oppositions to motions filed in this Court. FDIC v. Bender, 127 F.3d 58, 67 (D.C. Cir.

---

[1] A complete copy of plaintiff's first Complaint was provided to the Court as Exhibit "A" in defendant's opening brief. (Docket entry # 2)

[2] A copy of the Court's Order dismissing plaintiff's first Complaint was provided as Exhibit "C" to defendant's opening brief. (Docket entry #2)

1997)(citation omitted)(affirming district court's grant of summary judgment based on late filing, pursuant to Local Rule 7(b)).  This rule serves as a "docket-management tool that facilitates efficient and effective resolution of motions…."  Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004)(affirming district court's dismissal of complaint under Rule 7(b)).  Parties are required to monitor the Court's docket sheet in order to timely apprise themselves of filings and deadlines.  Id.  Strictly enforcing procedural rules ensures that cases are handled efficiently and that litigants are provided a level playing field.  Id. at 1295.  As the D.C. Circuit has recognized before:  "a fundamental premise of our adversarial system is that courts do not sit as 'self-directed boards of legal inquiry and research,'" but sit only as "'arbiters of legal questions presented and argued by the parties before them.'"  Halmon v. Jones Lang Wooten USA, 355 F. Supp. 2d 239, 244 (D.D.C. 2005) (opposing party's failure to file court-ordered supplemental memorandum was a concession within purview of Rule 7(b)).  The district court has broad authority to apply this rule; its decisions will only be reviewed for an abuse of discretion.  Bender, 127 F.3d at 67.

    Here, On February 12, 2008, Amtrak filed its Motion to Dismiss in this matter.  Under Rule 7(b), plaintiff's memorandum in opposition to the motion was due or before March 10, 2008.  To date, plaintiff has filed no memorandum in opposition.

    Plaintiff has not merely failed once to timely respond to Amtrak's Motion to Dismiss, she has done it twice.  Plaintiff's first lawsuit against Amtrak was dismissed for exactly the same reason.  Clearly, plaintiff is doomed to repeat her mistakes and to waste Amtrak's and this Court's time, resources, and energy.  The Court should exercise its discretion and, pursuant to Local Rule 7(b), dismiss plaintiff's current Complaint in its entirety.

### III.  CONCLUSION

Based on the foregoing, Defendant, National Railroad Passenger Corporation, by counsel, respectfully requests that the Court grant Defendant's Motion and dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,


 /s/ John G. Kruchko
John G. Kruchko   D.C. Bar # 371260
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, Virginia 22102
(703) 734-0554
(703) 734-0876 (fax)

National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington DC 20002
(202) 906-3185
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated:  March 20, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2008, I caused a copy of the foregoing Defendant's Supplemental Memorandum in Support of Motion to Dismiss, to be served on the following individuals via the Court's electronic filing system:

>Bradley Deutchman
>Edwin C. Brown, Jr.
>Brown, Brown, and Brown, P.C.
>6269 Franconia Road
>Alexandria, Virginia 22310

        /s/ John G. Kruchko
        John G. Kruchko