IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA F. JOHNSON | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:07cv01806 |
| NATIONAL RAILROAD PASSENGER CORPORATION | : |
| | : |
| Defendant. | : |

**MOTION FOR LEAVE TO FILE**
**OPPOSITION TO MOTION TO DISMISS**

COMES NOW, the Plaintiff, by and through counsel, and hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file an opposition to Defendant's Motion to Dismiss out of time. The reason for this Motion, fully discussed in the attached Memorandum in Support of Motion for Leave to File Opposition to Motion to Dismiss, is that counsel for Plaintiff did not have actual knowledge of the Motion to Dismiss due to the administrative and technology changes at his law firm. Plaintiff's counsel's failure to respond to Defendant's Motion to Dismiss was due to excusable neglect under FRCP 6(b)(1)(B).

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff ten (10) days leave to file her opposition to Defendant's Motion to Dismiss.

        Respectfully submitted:

        LENA F. JOHNSON
        By Counsel

        Brown, Brown & Brown, P.C.


        By: /s/ Bradley S. Deutchman
         Bradley Deutchman (#460912)
        Edwin C. Brown, Jr.,
        6269 Franconia Road
        Alexandria, VA 22310
        (703) 924-0223
        FAX (703) 924-1586

Dated: March 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LENA F. JOHNSON | : |
|    Plaintiff, | : |
|    v. | : Civil Action No. 1:07cv01806 |
| NATIONAL RAILROAD PASSENGER CORPORATION | : |
|    Defendant. | : |

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE OPPOSITION TO MOTION TO DISMISS**

Plaintiff, by and through her undersigned counsel, hereby submits this Memorandum in Support of Plaintiff's Motion for Leave to File Opposition to Motion to Dismiss. The basis for this Motion is that Plaintiff's counsel had not received actual notice of Defendant's Motion to Dismiss due to excusable neglect pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff respectfully requests, for the reasons below, that this Court grant her leave to file an Opposition to Defendant's Motion to Dismiss.

### I.   STATEMENT OF RELEVANT FACTS

Defendant filed its Motion to Dismiss on February 12, 2008 via the Case Management/Electronic Case Filing system ("CM/ECF"), used by this Court. At the time of the filing, Plaintiff's counsel's law firm, Brown, Brown & Brown, P.C., was in the transition phase of implementing new electronic mail systems at its offices. See Affidavit

of Bradley S. Deutchman, attached at Exhibit A. In the course of the migration of Brown, Brown & Brown's email system, Plaintiff's counsel first transferred receipt of his professional emails, including CM/ECF notices to a firm-wide email account. Id. At the same time, Brown, Brown & Brown had installed its first internet website, including email addresses for firm use. Id. At the time Defendant filed its Motion to Dismiss, Plaintiff's counsel was required to manage three (3) email accounts that were anticipated to feed emails to one particular account. Id.

However, due to the technical difficulty in coordinating the multiple email accounts, some of Plaintiff's counsel's email messages were sent to unanticipated accounts. Id. Plaintiff's counsel's lawfirm finalized its information technology implementation the week of March 10, 2008. Id. Plaintiff's counsel first learned of Defendant's Motion to Dismiss when, on the date of writing of the instant Motion for Leave, Plaintiff received Defendant's Supplemental Memorandum in Support of Motion to Dismiss. Id. By checking today through the history of the various email accounts used during his lawfirm's information technology transition, Plaintiff's counsel found that the electronic notice of Defendant's filing of its Motion to Dismiss had been sent to an unexpected email account. Id.

## II.    ARGUMENT

Plaintiff's counsel suggests that, based on the facts above, and legal argument below, that Plaintiff's counsel's failure to respond to Defendant's Motion to Dismiss was due to excusable neglect as discussed in Federal Rule of Civil Procedure 6(b)(1)(B) and cases analyzing same. Accordingly, Plaintiff's counsel respectfully requests that,

pursuant to Rule 6(b)(1)(B), the Court grant Plaintiff's counsel leave to file an Opposition to Defendant's Motion to Dismiss out of time.

> Federal Rule of Civil Procedure 6(b)(1)(B) states
>
> When an act may or must be done within a specified time, the court may, for good cause, extend the time: [. . .] (B) on motion made after the time has expired if the party failed to act because of excusable neglect. FRCP 6(b)(1)(B).

The United States Supreme Court expounded on the meaning of "excusable neglect" in Pioneer Investment Services Co. v. Brunswick Associates Ltd Partnership, 507 US. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In Pioneer, the Supreme Court created a 4-Part test for establishing excusable neglect, stating:

> [W]e conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Id. at 395.

Plaintiffs will address these factors in turn.

    A.    Danger of Prejudice

Plaintiff's counsel suggests that there is little, if any, appreciable danger of prejudice to Defendant by granting the instant Motion for Leave. While Defendant's receipt of Plaintiff's Opposition may have been delayed an additional month, there is no evidence to suggest that Defendant's have been prejudiced. Upon information and belief, Plaintiff is not aware of any manner in which Defendant has been significantly harmed, either procedurally or factually, as a result of this delay. If Plaintiff's delay had amounted to several months or a year, there may be an argument that Defendant may have taken some action, or refrained in taking such action, due to the uncertainty of the

present case. However, one month can not be reasonably interpreted to suggest danger of significant prejudice the Defendant.

### B.     The Length Of Delay and Potential Impact on Judicial Proceedings

As stated above, the delay in responding to Defendant's Motion to Dismiss is only approximately one month. Should the Court grant the instant Motion, the delay will amount to a total of approximately six weeks. In the context of litigation of employment law cases, a six week period, while admittedly important for all, does not amount to a significant period of time. Further, considering that a ruling on the underlying Motion to Dismiss has yet to be made, the potential impact on judicial proceedings is minimal.

### C.     The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant

As discussed above, and in the Affidavit attached at Exhibit A, Plaintiff's counsel was experiencing serious complications with receiving email notices at the time Defendant filed its Motion to Dismiss. His firm's new technology implementation had temporarily required him (due to the firm's attempt to simplify its email management) to manage three email accounts. Due to the changes in electronic mail accounts, Plaintiff's counsel's electronic filing notification messages were, for a period, sent to different email accounts depending on when they were filed. Given the transitions occurring in the office, the electronic notice of Defendant's Motion to Dismiss was sent to an email account to which Plaintiff's counsel temporarily did not have access.

Defendant's Motion to Dismiss was filed during this very brief window of time Plaintiff's counsel's firm was experiencing difficult and frustrating technical administrative problems. Plaintiff's counsel's failure to respond the motion was not due

to any attempt to cause a delay to somehow effect Plaintiff's strength or legal posture. Plaintiff's counsel did not receive notice of the filing of the Motion to Dismiss merely because of the unfortunate string of events.

D.      Whether Plaintiff's Counsel Acted in Good Faith

Plaintiff's counsel suggests that he is acting in good faith with respect to Defendant's Motion to Dismiss and the instant Motion. As noted above and in the Attached Affidavit, Plaintiff's counsel first learned of Defendant's Motion to Dismiss when he received notice of the filing of Defendant's Supplement to its Memorandum in Support of its Motion to Dismiss. On the same day he received notice of the Supplement, Plaintiff's counsel filed this Motion for Leave. Plaintiff's counsel has called Defendant's counsel to discuss the matter and request consent to the instant motion. Plaintiff's counsel has acted in a manner to avoid causing any additional delay. Accordingly, Plaintiff's counsel suggests that he has demonstrated good faith in this matter.

Furthermore, granting the instant Motion for Leave would also comply with this Court's policy of "favoring the resolution of cases on their merits." Canady v. Erbe Electromedizin GMBH, 307 F.Supp.2d 2, 8 (D.D.C. 2004)(citing Jackson v. Beech, 636 F.2d 831, 835 (D.C.Cir 1980)( emphasizing that courts "strongly favor resolution of disputes on their merits" and "it seems inherently unfair to ... enter judgment as a penalty for filing delays" (internal quotations omitted)). In the present matter, Defendant's have filed their Motion to Dismiss. Allowing Plaintiff an opportunity to oppose the Motion to

Dismiss will comport with this Court's policy and allow the case to be decided on its merits.

II.     **CONCLUSION**

For the reasons stated herein, and in the spirit of good faith and having matters decided on their merits, Plaintiff's counsel respectfully requests that this Court grant Plaintiff's Motion for Leave to File an Opposition to Defendant's Motion to Dismiss, provide Plaintiff's with ten days to file her Opposition, and deny Defendant's Supplemental Memorandum in Support of Motion to Dismiss for mootness.

Respectfully submitted:

                                    LENA F. JOHNSON
                                    By Counsel

                                    Brown, Brown & Brown, P.C.


                                    By:  /s/ Bradley S. Deutchman
                                      Bradley Deutchman (#460912)
                                    Edwin C. Brown, Jr.,
                                    6269 Franconia Road
                                    Alexandria, VA 22310
                                    (703) 924-0223
                                    FAX (703) 924-1586


Dated:  March 20, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of March, 2008, I caused the foregoing Plaintiff's Motion for Leave to File Opposition to Defendant's Motion to Dismiss, Memorandum of Points and Authorities in Support Thereof, Proposed Order and Affidavit of Bradley S. Deutchman, via the Court's electronic filing system to:

      John G. Kruchko, Esq.
      Kruchko & Fries
      1750 Tysons Boulevard, Suite 560
      McClean, Virginia 21020

      By: /s/ Bradley S. Deutchman
      Bradley Deutchman (#460912)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LENA F. JOHNSON | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:07cv01806 |
| NATIONAL RAILROAD PASSENGER CORPORATION | : |
| | : |
| Defendant. | : |

## AFFIDAVIT OF BRADLEY S. DEUTCHMAN

1.    I am over eighteen (18) years of age.

2.    I am employed by Brown, Brown & Brown P.C. (hereinafter "BBB") as an associate, handling litigation and other matters for the firm.

3.    I am an attorney working on Plaintiff's prosecution of Lena Johnson v. National Railroad Passenger Corporation, Civil Action No. 1:07cv01806 in the United States District Court for the District of Columbia.

4.    At the time of the service of the complaint in Johnson v. NRPC, the electronic notices from the Court's CM/ECF electronic filing system were being sent to an email account designated by BBB, namely the account under the address brownfirm@lawyer.com.

5.    Myself and BBB decided to have such notices forwarded to the brownfirm@lawyer.com address in an effort to centralize all emails relating to the firm's business, as part of the firm's information technology upgrade.

6.    BBB has been in the process of migrating its attorneys from using individual/personal email accounts to a lawfirm-specific account.  As part of this effort, BBB first designated that all lawfirm emails be sent to brownfirm@lawyer.com while the firm coordinated its own domain name and email service.  Once BBB set up its website and email system in February 2008, all emails were then to be sent to individual attorney addresses at bbbpc.net.

      7.     At the time the Court's CM/ECF system was sending its notices to the brownfirm@lawyer.com address, I was also receiving CM/ECF notices from other courts on my previously-used personal yahoo.com email address.

      8.     At the time Defendant National Railroad Passenger Corporation filed its Motion to Dismiss, I did not have access to the brownfirm@lawyer.com email account. Myself and BBB learned of and corrected the problem of lack of access to this account over a week after Defendant National Railroad Passenger Corporation filed its Motion to Dismiss.

      9.     When I was later able to access the brownfirm@lawyer.com email account, the notice regarding Defendant National Railroad Passenger Corporation's Motion to Dismiss was buried under many emails and I, unfortunately, did not notice it during my review of earlier emails.

      10.    I first learned that Defendant filed a Motion to Dismiss, today, March 20, 2007 when I received notice of Defendant's Supplemental Memorandum in Support of its Motion to Dismiss.

      **I HEREBY SWEAR AND AFFIRM THAT THE ASSERTIONS MADE ARE TRUTHFUL TO THE BEST Of MY KNOWLEDGE:**

        /s/ Bradley S. Deutchman
      Bradley S. Deutchman

Subscribed and Sworn to before me, a notary public in and for the County of Fairfax County, State of Virginia, this _____ day of _____ 2008.

My Commission Expires:_____

*Pursuant to Local Rule of Civil Procedure 5.4.(b)(5), the electronic signature of Bradley S. Deutchman, above, certifies that the original signed copy of this Affidavit is in the possession of counsel and available for review upon request of a party or the Court.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA F. JOHNSON | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:07cv01806 |
| NATIONAL RAILROAD PASSENGER CORPORATION | : |
| | : |
| Defendant. | : |

## **ORDER**

THIS MATTER, having come before the Court on Plaintiff's Motion for Leave to File Opposition to Defendant's Motion to Dismiss and Supplemental Memorandum in Support of Motion to Dismiss, and based on said motion, any opposition thereto, and the rules of this Court, it is this _____ day of _____, 2008, hereby

ORDERED that Plaintiff's Motion for Leave to File Opposition to Defendant's Motion to Dismiss is GRANTED, and it is

FURTHER ORDERED that Plaintiff file her Opposition to Defendant's Motion to Dismiss by _____, 2008; and it is

FURTHER ORDERD that Defendant's Supplemental Memorandum in Support of Motion to Dismiss is denied as moot.

                                                                                                                                        _____
                                                                                                                                       United States District Court Judge

Copies to:
John G. Kruchko, Esq.
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McClean, Virginia 21020

Bradley S. Deutchman
6269 Franconia Road
Alexandria, Virginia 22310