IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LENA F. JOHNSON, | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. 1:07cv01806 |
| NATIONAL RAILROAD PASSENGER CORPORATION | * | |
| | * | |
|     Defendant. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE OPPOSITION TO MOTION TO DISMISS**

Defendant, National Railroad Passenger Corporation ("Amtrak"), by and through its undersigned counsel, in accordance with Local Rule 7(b), hereby submits its Opposition to Plaintiff's Motion for Leave to File Opposition to Motion to Dismiss and, in so doing, shows the Court as follows:

### I.     PERTINENT FACTS

Plaintiff has sued Amtrak before ("Complaint I") based on the same alleged Title VII retaliatory misconduct that is at issue in the current case ("Complaint II"). In mid-December 2005, Amtrak moved to dismiss Complaint I because plaintiff had failed to meet the 90-day filing deadline following the dismissal of her EEOC charge, but plaintiff failed to respond to the motion. This Court, utilizing its discretionary powers under Local Rule 7(b), treated the motion as conceded and dismissed plaintiff's lawsuit.

Seeking to undo her mistake, plaintiff filed another charge of discrimination with the EEOC (alleging the same misconduct), obtained another "right to sue letter," and on October 5, 2007, filed the instant Complaint II alleging claims that are identical to those in her first lawsuit. On February 12, 2008, Amtrak again filed a motion to dismiss plaintiff's lawsuit – this time

based on the doctrine of *res judicata*. As she did in her first lawsuit, plaintiff failed to respond to the motion within the eleven (11) days provided by Local Rule 7(b).

Thereafter, on March 20, 2008, Amtrak filed a Supplemental Memorandum in Support of its Motion to Dismiss,[1] in which it asked the Court to once again exercise its discretion pursuant to Local Rule 7(b), treat Amtrak's motion to dismiss as conceded, and dismiss plaintiff's lawsuit. Later that same day, plaintiff filed the instant motion for leave to file a late opposition to Amtrak's motion to dismiss. For the reasons set forth in more detail below, the Court should deny plaintiff's motion.

## II.    ARGUMENT

### A.    The Plaintiff has Failed to Establish Excusable Neglect

Plaintiff's motion for leave to file a late response is brought, as it must be, pursuant to Federal Rule 6(b)(1)(B), which allows courts to extend filing deadlines based on the "excusable neglect" of the party missing the filing deadline. Plaintiff correctly identifies the four-part analysis that Courts undertake in deciding whether a particular set of circumstances constitutes excusable neglect. (See plaintiff's memorandum, p. 3) The factors include: (1) danger of prejudice to the opposing party; (2) the length of the delay and its impact on the case or proceedings; (3) the reason for the delay, including whether the cause of the delay was within the moving party's reasonable control; and (4) whether the moving party acted in good faith. D.A. v. District of Columbia, 2007 U.S. Dist. Lexis 90640, *7 (D.D.C. 2007)(citing, *inter alia*, Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993))

The Court should certainly consider all the factors. However, clearly the third and fourth elements of the analysis – the reason for the delay and good faith – will be the focus of the analysis and will be, ultimately, the reasons why plaintiff's motion fails.

---

[1] Amtrak's complete memorandum can be found under Docket entry # 3.

      1.      <u>Plaintiff's failure to timely file was within her reasonable control and does not constitute excusable neglect</u>

The factor that courts afford the most weight in resolving issues of excusable neglect is the third factor of the analysis – the extent to which the mistake was within the party's control. See <u>Webster v. Pacesetter, Inc.</u>, 270 F. Supp. 2d 9, 14-15 (D.D.C. 2003). Here, plaintiff's legal counsel takes the blame for failing to file a timely opposition to Amtrak's motion to dismiss. At bottom, plaintiff's counsel's argument is that he failed to monitor an e-mail address that he and his firm had given the Court in the first place for purposes of receiving electronic filings from the Court and other parties. Plaintiff's counsel's averment that his firm was undergoing "changes in electronic mail accounts," (pl.'s memorandum, p. 6) is unavailing. This Circuit has previously addressed the consequences of not receiving e-mails from the court's CM/ECF electronic case filing system, and has determined that glitches in electronic systems do not constitute a basis to excuse tardy filings. See <u>Fox v. American Airlines, Inc.</u>, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

In <u>Fox</u>, the defendant moved to dismiss the amended complaint, and the plaintiffs failed to respond. The district court treated the motion as conceded under Rule 7(b) and dismissed the amended complaint. Plaintiffs subsequently filed a motion to set aside the judgment, under Federal Rule 59(e), arguing, in part, that their counsel failed to receive electronic notice of the defendant's motion to dismiss. <u>Id</u>. at 1293. The court rejected the notion that an attorney may rely exclusively on the court's electronic system to keep him apprised of filing events and, in so doing, made the following poignant observations:

> In defending their failure to comply with Local Rule 7(b), the [plaintiffs] offer nothing but an updated version of the classic 'my dog ate my homework' line. They claim that, as the result of a malfunction in the district court's CM/ECF electronic case filing system, their counsel never received an e-mail notifying him of [the defendant's] motion to dismiss their amended complaint. Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here. Their counsel's effort at explanation, even taken at face value, is plainly

> unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket. See United States ex rel. McAllan v. City of New York, 248 F.3d 48, 53 (2nd Cir. 2001)('Parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders…'), … cf. Norgaard v. DePuy Orthopaedics, Inc., 121 F.3d 1074, 1075 (7th Cir. 1997)(ignorance of other court's docket 'is nothing but negligence, which does not justify untimely action.'). Indeed, one would think that, at the very least, his failure to receive a timely answer to the amended complaint would have aroused his suspicion, thus prompting him to check the court's docket for any recent filings….

Fox, 389 F.3d at 1294. Like the plaintiffs' counsel in Fox, plaintiff's counsel in this case retained, at all times, an obligation to independently monitor the Court's docket for recent filings. And as in Fox, since plaintiff's counsel here had not received an Answer or other responsive pleading from Amtrak, was he not the least bit curious as to why? Apparently, he was not curious enough to check the Court's docket, or to place a call to opposing counsel.

Furthermore, at least in Fox it was the Court's electronic system that was at issue. In this case it is *plaintiff's counsel's own e-mail system* that is supposedly to blame for the failure to file a timely opposition. If the failure of the Court's CM/ECF system is an insufficient basis upon which to request an out-of-time filing, surely the alleged failure of the attorney's *own* e-mail cannot constitute a sufficient basis. Plus, notwithstanding plaintiff's attorney's technical difficulties with his e-mail system, that fact does not account for his failure to notice the e-mail once his system came back "on line."[2]

E-mail issues aside, this Circuit has consistently maintained that mistakes made by one's attorney are generally insufficient, standing alone, to constitute excusable neglect. Various reasons, including: (1) mere oversight; (2) other pressing business; (3) other office matters requiring attention; (4) a busy practice; (5) another trial; and (6) overlooking deadlines or applicable rules, have all been found to be an insufficient basis upon which to grant a party's

---

[2] Plaintiff's counsel admits in his affidavit that the electronic notice from the Court was simply buried under other e-mails and he did not notice it during his review of them. (Affidavit of Bradley S. Deutchman, ¶ 9)

4

motion to file out-of-time.  See D.A., 2007 U.S. Dist LEXIS 90640 at *10-12 (discussing various cases).  In this case, plaintiff's argument is nothing more, at its core, than "my attorney made a mistake."  That is simply insufficient to constitute excusable neglect.

Simply put, plaintiff's failure to timely file is no more defensible than failing to open one's mail and, furthermore:

> "could have been remedied by a simple look at the docket.  The day has long since arrived whereby an attorney can view a docket in an instant at any time from anywhere, thanks to electronic case filing.  With that change has come a lessening of sympathy by the court for docket-related-errors.  That counsel is involved in a busy legal practice only heightens his responsibility to employ an adequate management system to monitor his cases.  Surely this is not too much to expect from a lawyer who is admitted to the bar of this court and who has undertaken to represent a client."

Id. at 16-17.  The Court should deny plaintiff's motion to file a late opposition to Amtrak's motion to dismiss.

    2.    <u>Plaintiff's prior conduct suggests she is not acting in good faith</u>

The current circumstances are a bit too familiar.  Recall that in her prior lawsuit ("Complaint I"), Amtrak filed a motion to dismiss to which plaintiff never responded.  The Court ultimately dismissed the lawsuit under Rule 7(b).  The same thing is happening again – only this time plaintiff has put forth an after-the-fact excuse she hopes will allow her to file a late opposition.  Plaintiff's history of failing to file oppositions demonstrates her disregard for the legal system and makes clear that she "places little stock in Court-mandated or rule-based deadlines."  Anyanwutaku v. Szego, 2006 U.S. Dist. LEXIS 42899, *7-8 (D.D.C. 2006)(discussing plaintiff's history of late filings as evidencing lack of good faith).  The Court would be within its discretion to simply deny plaintiff's motion on this basis alone.

**B.    If Plaintiff is Allowed to File an Opposition, the Court Should Award Amtrak its Reasonable Attorney's fees**

But for plaintiff's failure to respond to Amtrak's motion to dismiss, Amtrak would not have had to file a supplemental brief with the Court (Docket entry #3) highlighting plaintiff's failure, and it would not have had to file the instant brief responding to plaintiff's pleas to file her opposition out-of-time.  Amtrak has incurred costs and legal fees related to these filings.  Amtrak requests that if the Court allows plaintiff to file a late opposition to Amtrak's motion to dismiss, the Court at least award Amtrak its reasonable costs and legal fees associated with having to file the above two pleadings.

### III.   CONCLUSION

Based on the foregoing, Defendant, National Railroad Passenger Corporation, by counsel, respectfully requests that the Court deny plaintiff's motion for leave to file an opposition to Amtrak's motion to dismiss, grant Amtrak its costs and legal fees incurred in having to address plaintiff's tardiness, and for all other relief the Court deems just.

Respectfully submitted,

_/s/ John G. Kruchko_____
John G. Kruchko   D.C. Bar # 371260
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, Virginia 22102
(703) 734-0554
(703) 734-0876 (fax)


Counsel for Defendant
National Railroad Passenger Corporation


Dated:  March 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2008, I caused a copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Leave to File Opposition to Motion to Dismiss, to be served on the following individuals via the Court's electronic filing system:

>Bradley Deutchman
>Edwin C. Brown, Jr.
>Brown, Brown, and Brown, P.C.
>6269 Franconia Road
>Alexandria, Virginia 22310

>/s/ John G. Kruchko
>John G. Kruchko