UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LENA F. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 07-1806 (RMC) |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant National Railroad Passenger Corporation's Motion to Dismiss [Dkt. # 2] and Supplemental Motion to Dismiss [Dkt. # 3]. For the following reasons, the Motions will be granted and this case will be dismissed.

Defendant filed its initial Motion to Dismiss on February 12, 2008. To date, Plaintiff has filed no memorandum in opposition to the Motion. Local Civil Rule 7.1(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 11 days of the date of service of the motion. LCvR 7.1(b). If the opposing party fails to do so, the court may treat the motion as conceded. *Giraldo v. Dep't of Justice,* 2002 WL 1461787, at *1 (D.C. Cir. July 8, 2002) (citing *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997)). Because the purpose of Rule 7.1(b) is to aid the district court in maintaining docket control, the D.C. Circuit recognizes that "the discretion to enforce this rule lies wholly with the district court." *Bender*, 127 F.3d at 67-68 (stating that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule").

If an opposing party requests an enlargement of time before the 11-day period expires,

the court may exercise its discretion under Federal Rule of Civil Procedure 6(b) and enlarge the time period "for cause shown." Fed. R. Civ. P. 6(b); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). If the party requests an enlargement after the 11 days has expired, the party must show cause and "excusable neglect." *Id.* Among the factors that the district court may consider in determining whether neglect is excusable are "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts have noted that "fault in the delay [is] perhaps the most important single factor," while the prejudice factor is of relatively little importance. *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003) (internal quotations omitted). In granting or refusing enlargements, the district court enjoys broad discretion. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (stressing that the court of appeals owes "great deference [to district courts] in what are effectively their case-management decisions" under Rule 6(b)).

        Defendant filed a Supplemental Motion to Dismiss on March 20, 2008, asking this Court to dismiss the case for failure to oppose the initial Motion to Dismiss. *See* Dkt. # 3. Plaintiff filed a Motion for Leave to File Opposition to Motion to Dismiss on March 20, 2008. *See* Dkt. # 4. Plaintiff's counsel stated that he did not learn of Defendant's Motion to Dismiss until nearly a month after the deadline for an opposition had passed because of technical problems at his law firm in receiving electronic docketing notifications.

        The Court will deny Plaintiff's Motion for Leave to File Opposition to Motion to

Dismiss. *See Fox v. Am. Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming district court's dismissal of complaint under Rule 7(b)).  In *Fox*, appellants claimed that "as the result of a malfunction in the district court's CM/ECF electronic case filing system, counsel never received an e-mail notifying him of [appellee's] motion to dismiss their amended complaint." The court rejected this explanation and stated:  "In defending their failure to comply with Local Rule 7(b), the appellants offer nothing but an updated version of the classic 'my dog ate my homework line' . . . . [C]ounsel's effort at explanation, even taken at face value, is plainly unacceptable.  Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket." *Id*. at 1294 (citing *United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders")).  Likewise here, the Court rejects Plaintiff's argument that an internal problem with e-mail notifications constitutes "excusable neglect" pursuant to Federal Rule of Civil Procedure 6(b).[1]  Accordingly, it is hereby

      **ORDERED** that Defendant's Supplemental Motion to Dismiss [Dkt. # 3] is **GRANTED**; and it is

      **FURTHER ORDERED** that Defendant's Motion to Dismiss [Dkt. # 2] is **GRANTED**; and it is

      **FURTHER ORDERED** that Plaintiff's Motion for Leave to File Opposition to Motion to Dismiss [Dkt. # 4] is **DENIED**; and it is

---

[1] The Court notes that this is not the first time Plaintiff has had a case dismissed pursuant to Local Rule 7(b).  The Honorable John D. Bates of this District Court granted National Railroad Passenger Corporation's motion to dismiss in an earlier case (with strikingly similar facts and allegations as the instant case) as conceded when Plaintiff failed to file a timely opposition.  *See* Def.'s Mot. to Dismiss, Ex. 5 (*Johnson v. Nat'l R.R. Psgr. Corp.*, No. 05-2008 (D.D.C. Jan. 26, 2006) (order granting motion to dismiss)).

**FURTHER ORDERED** that this case is **DISMISSED**; accordingly, this case is closed.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.

Date: April 1, 2008                                          /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge